```
          IN THE DISTRICT COURT OF THE UNITED STATES
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

**SHANNON SCHROEDER,**
      **Plaintiff,**

**vs.**                  **CASE NO:**

**LASSETTER & ASSOCIATES, INC.;**
**DAIMLERCHRYSLER FINANCIAL**
**SERVICES AMERICAS, L.L.C.; "CINDY";**
**and ONE OR MORE "JOHN OR JANE SMITHS"**
      **Defendants.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA") and the Florida Consumer Collections Practices Act, F.S. §559, et seq. (hereinafter "FCCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. 1692k(d), and 28 U.S.C. 1337. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. 1367. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202. Venue in this District is proper in that the defendants transact business

here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff Shannon Schroeder is a natural person residing in Hillsborough County, Florida, which is in the Middle District of Florida, Tampa Division.

4. Defendant Lassetter & Associates, Inc. is a Texas corporation doing business in the state of Florida.

5. Defendant Lassetter & Associates, Inc. is a "debt collector" as defined by the FDCPA, 15 U.S.C. 1692a(6).

6. Defendant DaimlerChrysler Financial Services Americas, LLC is a "creditor" as defined by the FDCPA, 15 U.S.C. 1692a(4).

7. Defendant "Cindy" is a name used by defendant Lassetter & Associates, Inc. It is unknown at the time of the filing of this complaint whether "Cindy" is an actual natural person or a fictitious "desk name" used by defendant Lassetter & Associates, Inc.

### IV. FACTUAL ALLEGATIONS

8. Plaintiff repeats, alleges, and incorporates by reference paragraphs 1-8 above.

9. Plaintiff Shannon Schroeder purchased a car, and financed it through DaimlerChrysler Financial Services Americas, L.L.C., prior to July 5th, 2003.

10. In 2003, the car referenced in paragraph 10 was stolen.

11. In 2005, plaintiff filed for bankruptcy.

12. On January 16th, 2006, plaintiff was discharged from bankruptcy.

13. At the time plaintiff was discharged from bankruptcy, her only two creditors were Bank of America, and DaimlerChrysler Financial Services, L.L.C. The debts owed these creditors were related to the car purchase referenced in paragraph 9.

14. In April, 2006, plaintiff received a call from a woman who identified herself as "Cindy". Cindy said she was calling from the "collection division of Chrysler Financial." Cindy told plaintiff that plaintiff owed "Chrysler Financial" $22,000.

15. Defendant Cindy is actually an employee of Lassetter & Associates, Inc.

16. Plaintiff Shannon Schroeder advised Cindy that she had declared bankruptcy.

17. Defendant Cindy told plaintiff that the fact that she had declared bankruptcy was irrelevant to her debt.

18. Defendant Cindy told plaintiff that she can't declare bankruptcy for a debt relating to the financing of a car if the car wasn't in her possession at the time plaintiff filed for bankruptcy.

19. Defendant Cindy told plaintiff that she still owed Chrysler Financial $22,000.

20. The statements made by Cindy and Lassetter & Associates, Inc. Referenced in paragraphs 14, 17, 18, and 19 above are

untrue.

21. Defendant Cindy told plaintiff that Chrysler is going to sue plaintiff.

22. Defendant Cindy told plaintiff that Chrysler is going to garnish her wages.

23. Defendant Cindy told plaintiff that Chrysler is going to do "anything else they can do to get their money."

24. Defendant Cindy and Defendant Lassetter & Associates, Inc. Could not legally take any of the actions it said it was going to in paragraphs 21-23, inclusive.

25. Plaintiff Shannon Schroeder asked defendant Cindy to identify her full name.

26. Defendant Cindy refused to provide plaintiff with her full name.

27. Defendant Cindy told plaintiff it was "against company policy" to identify herself by her full name.

28.  As a result of the above actions, plaintiff Shannon Schroeder suffered from major stress and lost time from work in an effort to resole the situation referenced above.

29. Plaintiff Shannon Schroeder's credit report shows a judgement lien.

30. By committing the actions described above, defendants Cindy and Lassetter & Associates, Inc. engaged in conduct the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt.

31. By committing the actions described above, defendants Cindy and Lassetter & Associates, Inc. used false, deceptive, and misleading representation or means in connection with the collection of a debt.

32. Defendants Cindy and Lassetter & Associates, Inc. misrepresented the character and legal status of a debt.

33. Defendants Cindy and Lassetter & Associates, Inc. represented or implied that nonpayment of a debt will result in the seizure, garnishment, attachment or sale of any property or wages of that person.

34. Defendants Cindy and Lassetter & Associates, Inc. threatened to take action that cannot legally be taken.

35. Defendants Cindy and Lassetter & Associates, Inc. Threatened to take action that cannot legally be taken.

36. Defendants Cindy and Lassetter & Associates, Inc. threatened to take nonjudicial action to effect dispossession or disablement of property.

37. By saying they were going to do "anything else they can do to get their money," defendants Cindy and Lassetter & Associates, Inc. threatened plaintiff with force and violence, especially when considered in light of the least sophisticated consumer standard.

38. Defendants Cindy and Lassetter & Associates, Inc. used willfully abusive language in communicating with plaintiff.

39. Defendants Cindy and Lassetter & Associates, Inc.

threatened to enforce a debt when they knew that the debt is not legitimate.

40. By saying they were going to sue plaintiff, Defendants Cindy and Lassetter & Associates, Inc. orally communicated in such a manner as to give false impression that they were associated with an attorney.

41. Defendants Cindy and Lassetter & Associates, Inc. refused to provide adequate identification when requested to do so by plaintiff.

42. By engaging in conduct the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt, defendants Cindy and Lassetter & Associates, Inc. Violated the FDCPA, 15 U.S.C. 1692d.

43. By using false, deceptive, and misleading representation or means in connection with the collection of a debt, defendants Cindy and Lassetter & Associates, Inc. violated the FDCPA, 15 U.S.C. 1692e.

44. By misrepresenting the character and legal status of a debt, defendants Cindy and Lassetter & Associates, Inc. violated the FDCPA 15 U.S.C. 1692e.

45. By representing or implying that nonpayment of a debt will result in the seizure, garnishment, attachment or sale of property or wages of that person, defendants Cindy and Lassetter & Associates, Inc. violated the FDCPA, 15 U.S.C. 1692e.

46. By threatening to take action that cannot legally be

taken, defendants Cindy and Lassetter & Associates, Inc. Violated the FDCPA, 15 U.S.C. 1692e.

47. By threatening to take action that is not intended to be taken, defendants Ciny and Lassetter & Associatates, Inc. violated the FDCPA 15 U.S.C. 1692e.

48. By threatening to take nojudicial action to effect dispossession or disablement of property, defendants Cindy and Lassetter & Associates, Inc. violated the FDCPA, 15 U.S.C. 1692f.

49. By threatening plaintiff with force and violence, defendants Cindy and Lassetter & Associates, Inc. violated the FCCPA, F.S. §559.72(2).

50. By using willfully abusive language in communicating with plaintiff, defendants Cindy and Lassetter & Associates, Inc. violated the FCCPA F.S. §559.72(8)

51. By threatening to enforce a debt when they knew that the debt is not legitimate, defendants Cindy and Lassetter & Associates, Inc. violated the FCCPA, F.S. §559.72(9).

52. By orally communicating with a debtor in such a manner as to give false inpression that they were associated with an attorney, defendants Cindy and Lassetter & Associates, Inc. violated the FCCPA, F.S. §559.72(12).

53. By refusing to provide adequate identification when requested to do so by plaintiff, defendants Cindy and Lassetter & Associates, Inc. violated the FCCPA, F.S. §559.72(15).

## V. FIRST CLAIM FOR RELIEF

54. Plaintiff repeats, alleges, and incorporates by reference paragraphs 1-53 above.

55. Defendants Cindy and Lassetter & Associates, Inc. violated the FDCPA. Defendants violations of the FDCPA include, but are not limited to, the following:

    (a) 15 U.S.C. 1692d, which prohibits any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    (b) 15 U.S.C. 1692e, which prohibits false, deceptive, or misleading representation or means in connection with the collection of any debt.

    (c) 15 U.S.C. 1692f, which prohibits the use of unfair or unconscionable means to collect or attempt to collect a debt.

56. Defendant's acts as described above were done intentionally, with the purpose of coercing plaintiff to pay the alleged debt.

57. As a result of the above violations of the FDCPA, defendants Cindy and Lassetter & Associates, Inc. are liable to plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, and attorney's fees and costs.

## VI. SECOND CLAIM FOR RELIEF

58. Plaintiff repeats, alleges, and incorporates by reference paragraphs 1-57 above.

59. Defendants Cindy and Lassetter & Associates, Inc. violated the FCCPA. Defendant's violations of the FCCPA include, but are not limited to, the following:

    (a) F.S. §559.72(2), which prohibits the threatening of force and violence.

    (b) F.S. §559.72(8), which prohibits the use of willfully abusive language in communicating with a debtor.

    (c) F.S. §559.72(12), which prohibits oral communication with the debtor in such a manner as to give the false impression or appearance that such person is, or is associated with, an attorney.

    (d) F.S. §559.72(9), which prohibits the claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate.

    (e) F.S. §559.72(15), which prohibits the refusal to provide adequate identification when requested to do so by debtor.

    (f) F.S. §559.552, which makes any violation of the provisions of the FDCPA a violation of the FCCPA.

    (g) 15 U.S.C. 1692d, which prohibits any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    (h) 15 U.S.C. 1692e, which prohibits false, deceptive, or misleading representation or means in connection with the collection of any debt.

  (i) 15 U.S.C. 1692f, which prohibits the use of unfair or unconscionable means to collect or attempt to collect a debt.

60. Defendant's acts described above were done intentionally, with the purpose of coercing plaintiff to pay the alleged debt.

61. As a result of the above violations of the FCCPA, defendants Cindy and Lassetter & Associates, Inc. are liable to plaintiff for injunctive and devlaratory relief and for actual damages, statutory damages, and attorney's fees and costs.

## VII. THIRD CLAIM FOR RELIEF

62. Plaintif realleges and incorporates herein by reference the paragraphs contained in Parts I, II, III, IV, V, and VI above.

63. Defendants, from an unknown date but no earlier than January 1st 2000, did, in Hillsborough County in the Middle District of Florida, willfully, knowingly, and intentionally conspire and agree with each other and with other persons both known and unknown to the plaintiff at this time, to create and establish consumer debts, where eventual violations of the provisions of the FDCPA and FCCPA in connection with collecting such debts were reasonably forseeable.

64. As a result thereof, defendants are liable to the Plaintiff for actual damages, statutory damages or $1,000 per defendant under the FDCPA, statutory damages of $1,000 per

defendant under the FCCPA, and punitive damages pursuant to the FCCPA, together with attorney's fees and costs.

WHEREFORE, plaintiff respectfully prays that judgement be entered against the defendants for the following:

    A. Declaratory judgement that defendants' conduct violated the FDCPA, and declaratory and injunctive relief for the defendants' violations of the FCCPA;

    B. Actual damages;

    C. Statutory damages pursuant to 15 U.S.C. 1692k;

    D. Statutory damages pursuant to F.S. §559.77

    E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k and F.S. §559.77;

    F. For such other and further relief as may be just and proper.

Respectfully submitted,


Frederick W. Vollrath
Attorney for Plaintiff

### DEMAND FOR JURY TRIAL

Please take notice that plaintiff demands trial by jury in this action.

| /s/ Timothy Condon | /s/ Frederick W. Vollrath |
|---|---|
| TIMOTHY CONDON, ESQ. | FREDERICK W. VOLLRATH, ESQ. |
| Florida Bar ID# 217921 | Florida Bar ID# 165812 |
| VOLLRATH-CONDON, P.A. | VOLLRATH-CONDON, P.A. |
| Post Office Box 1007 | Post Office Box 1007 |
| Tampa, Florida 33601 | Tampa, Florida 33601 |
| 813-251-2626 Fax 254-2979 | Telephone 813-335-4379 |
| Email: tim@timcondon.net | Email: fredvollrath@aol.com |
| CO-COUNSEL FOR PLAINTIFF | TRIAL COUNSEL FOR PLAINTIFF |